UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| LORENZO MATTHEWS #183386, | )<br>) |
| Petitioner, | )<br>)   Case No. 2:05-cv-178<br>) |
| v. | )   HON. RICHARD ALAN ENSLEN<br>) |
| JERI-ANN SHERRY, | )<br>) |
| | )   **OPINION** |
| Respondent. | )<br>) |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust available state-court remedies.

**Discussion**

    I.        Factual allegations

Petitioner presently is incarcerated with the Michigan Department of Corrections ("MDOC") and housed at the Chippewa Correctional Facility. On April 4, 2005, Petitioner was found guilty of major misconducts for being an accomplice to an assault resulting in a serious injury and to the unauthorized occupation of a cell. He was sentenced to 30 days detention and was reclassified to administrative segregation. In addition, under Michigan law, a prisoner loses good time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33.

Petitioner states that he filed a request for rehearing on April 12, 2005, which was denied. Petitioner states that he did not file an appeal in the Michigan state courts because he does not "have the time." Petitioner claims that his first "max out date" is now October 24, 2007, and that if his misconduct convictions are not reversed, it will affect the frequency of his parole interviews. Petitioner filed the instant habeas petition on July 27, 2005, asserting that his misconduct convictions violated his procedural due process rights.

    II.        Failure to exhaust available state-court remedies

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4,

6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Under MDOC policy and state law, Petitioner's remedies included a request for rehearing and then a series of discretionary appeals in the state courts. See M.C.L. § 791.254, *et seq.*; M.S.A. § 28.2320(54), *et seq.*; Mich.n Ad. R. 791.3320; MDOC Policy Directive 03.03.105(X)-(AA) (Eff. 1/1/99). As noted above, Petitioner claims to have filed a request for rehearing, but concedes that he did not file any appeals in the state courts. Petitioner does not allege any facts showing that he is unable to pursue relief in the state courts or that there is "cause and prejudice" or a miscarriage of justice excusing the procedural default.[1] Where a state prisoner raises a claim for the first time in a petition for federal habeas corpus, and it has not yet been presented to the state courts, but review of that

---

[1] For discussion of the terms "cause and prejudice" and "miscarriage of justice," the court in *Harris v. Reed*, 489 U.S. 255, 258, n.2 (1989), refers the reader to *Murray v. Carrier*, 477 U.S. 478 (1986) and *Smith v. Murray*, 477 U.S. 527 (1986). The term "miscarriage of justice" has been interpreted to mean "factual innocence."

claim is available in a state proceeding, the state proceeding should first be exhausted before federal review is granted.

Petitioner should be mindful of the fact that his habeas corpus application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). A motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). It also is considered pending during the period in which the petitioner could have filed a petition for writ of certiorari in the United States Supreme Court, whether or not such a petition actually was filed. *See Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*).

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[2] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. It is unclear

---

[2] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.

whether *Palmer* applies to a "non-mixed" petition. Assuming *Palmer* applies, Petitioner has more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he has failed to exhaust state court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Final Order consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:         /s/ Richard Alan Enslen
     September 14, 2005         RICHARD ALAN ENSLEN
                                SENIOR UNITED STATES DISTRICT JUDGE